Charles E. O'CONNOR, Appellant,

v.

David M. HERITAGE, Warden, United State Penitentiary, Atlanta, Georgia, Appellee.

No. 18908.

United States Court of Appeals
Fifth Circuit.

July 24, 1962.

Charles E. O'Connor, U. S. Penitentiary, Harold E. Abram, Atlanta, Ga., for appellant.

Chas. D. Read, Jr., U. S. Atty., Robert G. Hunt, Asst. U. S. Atty., Atlanta, Ga., Harold H. Greene, Atty., Howard Glickstein, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before BROWN, GEWIN and BELL, Circuit Judges.

PER CURIAM.

This appeal from a denial of a petition for writ of habeas corpus brings into question the power of Judge Joseph R. Jackson, retired from the Court of Customs and Patent Appeals, to exercise the judicial functions of a United States District Judge envisioned in Article III of the Constitution.

In March 1959, after a trial by a jury in the United States District Court for the District of Columbia, with Judge Jackson presiding, O'Connor was convicted and sentenced for the offense of robbery, in violation of 22 D.C.Code, § 2901. Motions for a mental examination and for relief pursuant to 28 U.S.C.A. § 2255 were both unsuccessful, as were attempts to appeal from the denials of those motions. The § 2255 motion was predicated on an alleged denial of an opportunity for O'Connor to make a statement in his own behalf prior to sentencing. F.R. Crim.P. 32(a), 18 U.S.C.A. All of the foregoing proceedings in the District Court were conducted by Judge Jackson who had retired from the Court of Customs & Patent Appeals in 1952, and was sitting in the District Court for the District of Columbia under an assignment by the Chief Justice of the United States.

In February 1961 O'Connor filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Georgia. That petition asserted that Judge Jackson was not an Article III Judge, and therefore had no constitutional authority to preside over the trial of a felony case in the United States District Court for the District of Columbia. The argument went on that a § 2255 motion to the sentencing Court was not required as that Court was without authority "to act at all," and hence, in the words of the statute, "The remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C.A. § 2255. This appeal followed from the denial of that petition.

Through the recent decisions of the Supreme Court in Glidden Co. v. Zdanok (Lurk v. United States) 1962, 370 U.S. 530, 82 S.Ct. 1459, 8 L.Ed.2d 671, the constitutional question has been authoritatively determined as has been the Article III status of Judge Jackson—the very same Judge in the Lurk case. As it is clear that O'Connor could not prevail on the merits of his constitutional claim, we need not decide the preliminary question whether the remedy of habeas corpus, rather than § 2255, was open to him.

We therefore affirm the District Court's denial of the petition for a writ of habeas corpus.

Affirmed.